IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THE ESTATE OF ALLEN LORENZO TONEY BY AND THROUGH MARY M. WASHINGTON AS THE DULY APPOINTED PERSONAL REPRESENTATIVE,<br><br>    Plaintiff,<br><br>vs.<br><br>PROGRESS ENERGY CAROLINAS, INC.<br><br>    Defendant. | C.A. No. 4:04CV1222-25<br><br><br><br><br><br><br><br><br>**WRITTEN OPINION AND ORDER** |

      This matter comes before the Court upon the plaintiff's April 11, 2005, filing of a motion to dismiss, without prejudice, the instant case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The defendant opposes this motion.

      Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff, with order of the court, to dismiss an action voluntarily and without prejudice. Rule 41(a)(2) provides in relevant part:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed.R.Civ.P. 41(a)(2).

The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion for the Court. <u>Davis. v. USX Corporation</u>, 819 F.2d 1270 (1987).

1

It is fundamental that courts should freely allow voluntary dismissals unless there will be unfair prejudice to the parties. Echols v. EBA Krug & Priester & Co., 225 F.R.D. 518 (E.D.N.C. 2005). In fact, in most cases, a dismissal should be granted unless the defendant will suffer clear legal prejudice. *Id*. (citing Gross v. Spies, 133 F.3d 914, 1998 WL 8006 (4th Cir. 1998)).

Moreover, the Fourth Circuit Court of Appeals has emphasized that Rule 41(a)(2) motions shall not be denied absent substantial prejudice to the defendant. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). Substantial prejudice to the defendant does not result from the mere possibility that a second lawsuit may be filed, but rather, the prejudice incurred must be actual legal prejudice. Vosburgh v. Indemnity Co. of North America, 217 F.R.D. 384 (S.D.W.Va. 2003) (citing West Virginia-Ohio Valley Area I.B.E.W. Welfare Fund v. Am. Tobacco Co., 188 F.R.D. 425, 426 (S.D.W.Va.1999)). In cases involving the scope of state law, courts should readily approve of dismissal when a plaintiff wishes to pursue a claim in state court, and typically, courts should not impose conditions of dismissal that limit a plaintiff's ability to assert state law claims in state courts. Davis, 819 F.2d at 1275.

In determining whether to grant a motion for voluntary dismissal, the Fourth Circuit Court of Appeals has instructed that the following factors be considered:

(1) the opposing party's effort and expense in preparing for trial;

(2) excessive delay or lack of diligence on the part of the movant;

(3) insufficient explanation of the need for a dismissal; and

(4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending.

Gross, 1998 WL 8006, *5 (4TH Cir. 1998)

However, these factors are not exclusive and any other relevant factors should be considered by the district court depending on the circumstances of the case. *Id.* Applying the aforementioned factors to the case at bar, this Court concludes that the plaintiff's motion to voluntarily dismiss the instant case, without prejudice should be granted.

Regarding the first factor, the record reflects that this case has been pending for little more than a year. As well, trial of the instant matter is not scheduled until at least November of 2005. Much remains to be accomplished in this case. Discovery may not yet be complete, mediation has not yet been accomplished, pretrial disclosures have yet to be filed, and no motions for summary judgment have yet been filed. In essence, this case is at the earlier stages of litigation. As well, there is no indication in the file that the defendant's expenses to this point have been substantial. For these reasons, the first factor weighs in favor of dismissal of this action.

Second, the record fails to conclusively show that there has been any excessive delay or lack of diligence by the plaintiff in this case. To the contrary, it appears to the undersigned that the plaintiff has diligently pursued its case. Again, this case is at the earlier stages of litigation. Thus, the second factor also weighs in favor of dismissal of this action.

Third, plaintiff's explanation for wanting dismissal, coupled with the other factors herein, further weighs in favor of dismissal of this action. According to the plaintiff, the plaintiff has moved to amend her complaint to add additional non-diverse defendants to this action whose potential liability was learned through discovery. Practically, were this motion to amend be granted, complete diversity between the parties would be lost and this Court would lose jurisdiction. In that event, remand of this case back to state court would be required. As such, the plaintiff argues that:

> The primary reason the plaintiff filed the motion for voluntary dismissal was to save both the Court and the defendant the time and costs involved in litigating the motion to amend and the pending motion to compel.

(Plaintiff Memo. p. 3).

This argument is not without merit. In any event, because the defendant fails to sufficiently show that it will suffer actual and substantial legal prejudice from a dismissal of this case, the third factor also weighs in favor of dismissal of this action. Additionally, the Court is not in a position to conclude that the adding of additional defendants amounts to fraudulent joinder.

Finally, as noted above, this action is still in the earlier stages of litigation. No motion for summary judgment is pending and the case is not yet close to trial. Therefore, the Court finds that the fourth factor also weighs in favor of dismissal of this action.

Accordingly, the plaintiff's motion to dismiss the instant action, without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure is **GRANTED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

July 13, 2005
Florence, South Carolina